IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JP MORGAN CHASE BANK, N.A.,

      Plaintiff,                      No. CIV S-11-1524 MCE DAD (TEMP) PS

      vs.

HOWARD SWEENEY,

      Defendant.                FINDINGS AND RECOMMENDATIONS

_____/

      This action was removed from state court on June 6, 2011. On June 9, 2011, plaintiff filed a motion to remand and an ex parte application to have the motion heard on shortened time. Upon review of the notice of removal, it is apparent this court lacks subject matter jurisdiction over the action.

      Removal jurisdiction statutes are strictly construed against removal. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). "The burden of establishing federal jurisdiction falls on the party invoking removal." Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930 (9th Cir.1994) (quoting Gould v. Mut. Life Ins. Co. of New York, 790 F.2d 769, 771 (9th Cir.1986)). Where it /////

appears the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c).

In conclusory fashion, the removal petition alleges the complaint is subject to federal question jurisdiction. However, the exhibits attached to the removal petition and to plaintiff's motion to remand establish the state court action is nothing more than a simple unlawful detainer action, and the state court action is titled as such. Defendant has failed to meet his burden of establishing federal jurisdiction and the matter should therefore be summarily remanded. See generally Singer v. State Farm Mutual Automobile Insurance Co., 116 F.3d 373, 375-76 (9th Cir. 1997).

Accordingly, IT IS HEREBY RECOMMENDED that the above-entitled action be summarily remanded to the Superior Court of California, County of Placer.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 14, 2011.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

JMM
jpmorgan-sweeney.remud